**FILED**

**JAN - 5 2018**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

Mark E. Saltzman, Esq.        Bar No. 155612
LAW OFFICES OF MARK E. SALTZMAN
21241 Ventura Blvd., Suite 160
Woodland Hills, CA 91364-2120
(818) 343-0600   Fax: (818) 343-0684
Email: BankruptcyCounsel@yahoo.com

Attorney for Plaintiff

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case Number 2:17-bk-24174-RK |
| CAPITAL MARKETING ADVISORS, LLC | Chapter 7 |
| Debtor | Adv. Case No. |
| | **COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523(a)(2)(A), §523(a)(2)(B), §523(a)(4) AND §523(a)(6); BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; SPECIFIC PERFORMANCE; EMBEZZLEMENT/CONSTRUCTIVE FRAUD** |
| GLOBAL CAPITAL DEVELOPMENT, LLC, a California limited liability company, | Case Filed: 11/17/2017 |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| CAPITAL MARKETING ADVISORS, LLC, a California limited liability company, ERNEST R. GONZALES, an individual, and DOES 1 to 50, inclusive, | |
| Defendants. | |

1

COMPLAINT TO DETERMINE DISCHARGEABILITY, ETC.

1    GLOBAL CAPITAL DEVELOPMENT, LLC, plaintiff herein, by its undersigned counsel,

2    for their Complaint against the defendants, allege as follows:

3    **JURISDICTION AND VENUE**

4    1.    This is a core proceeding over which this court has jurisdiction under 28 U.S.C. §157(b).

5    Capital Marketing Advisors, LLC ("CMA")  is the debtor herein. Plaintiff Global Capital

6    Development, LLC ("Global") is a creditor of the debtor.

7    2.    This is an adversary proceeding to determine the dischargeability of a debt.

8    3.    Venue is proper in this district pursuant to 28 U.S.C. §1408 and §1409.

9    4.    The court has jurisdiction to adjudicate the issues raised in this adversary proceeding,

10    pursuant to 28 U.S.C. §1334.

11    5.    Defendants ERNEST R. GONZALES is named and joined in the within action, pursuant to

12    Federal Rules of Bankruptcy Procedure, Rule 7019, which makes applicable, with modifications,

13    Federal Rule of Civil Procedure, Rule 19.

14    **PARTIES**

15    6.    Plaintiff is informed and believes and thereon alleges that Defendant Ernest R. Gonzales is

16    an individual doing business in Los Angeles County, California. Ernest R. Gonzales is a defendant

17    in the within action because (a) in that his absence, the court cannot accord complete relief among

18    existing parties; (B) he claims an interest relating to the subject of the action and is so situated that

19    disposing of the action in the person's absence may: (I) as a practical matter impair or impede the his

20    ability to protect the interest; and  (ii) leave the debtor subject to a substantial risk of incurring

21    double, multiple, or otherwise inconsistent obligations because of the interest.

22    7.    Defendant Ernest R. Gonzales is, and at all times herein mentioned was the alter ego of the

23    debtor, Capital Marketing Advisors, LLC, a mere shell and sham without capital or assets. There

24    exists, and at all times herein mentioned has existed, a unity of interest and ownership between the

25    defendants such that any separateness has ceased to exist, in that defendants Gonzales used assets

26    of the debtor for his personal uses, caused assets of the company to be transferred to or from him,

27    without adequate consideration, and on information and belief, withdrew funds from the company's

28    bank accounts for his personal use. Further, Gonzales completely controlled, dominated, managed,

1   and operated Capital Marketing Advisors, LLC and intermingled the assets of said company to suit

2   the convenience of Gonzales. There will be an inequitable result in this action if the limited liability

3   company entity is not disregarded.

4                               **UNDERLYING FACTS**

5   8.     On August 19, 2014, Global entered into a written agreement with CMA. The agreement, a

6   true and correct copy of which is attached hereto, as Exhibit 1, provided for CMA to provide a

7   standby letter of credit ("SBLC") for the benefit of Global, which CMA would cause to be

8   monetized, resulting in Global's receiving $25,000,000 in funds for a business project. Global and

9   CMA have waived the arbitration provision, in the written agreement.

10   7.     The contract governing this funding represented it to be a sixty-day process. On that basis,

11   Global put up a total of $400,000 in exchange for an irrevocable commitment to fund the $25

12   million.

13   8.     Early in the transaction, CMA and the escrow represented in writing to Global that the SBLC

14   was issued, received by the monetizing entity bank and approved for funding. During an ensuing

15   four months, CMA represented that a tax was due on the transfer of funds, in the amount of

16   $103,000. Global advanced such funds, only to experience another delay of six months. Except as

17   otherwise alleged, all representations of CMA were done by its managing member.

18   9.     At the end of that six months, ostensibly caused by an audit, CMA's attorney represented that

19   the only condition left, which would guarantee transfer of the $25 million in funds, forthwith, was

20   the payment of another $212,000 in taxes. Global reluctantly agreed to advance such funds, based

21   on such guarantee. Therefore, an additional total of $315,000 has been advanced.

22   10.    No funding has occurred.

23   11.    Over the two years, this transaction has been drawn out, CMA has provided excuse after

24   excuse to Global for CMA's failure to get the transaction completed. Despite repeated attempts on

25   the part of Global to procure written and/or verbal confirmations of the events that CMA represented

26   as the cause of the various delays, CMA has refused to provide any supporting evidence.

27   12.    Global has repeatedly requested such evidence, including but not limited to: 1) the actual

28   SBLC document; 2) written evidence substantiating, via the confirming parties, the monetization

of the SBLC, written confirmation that the funds were monetized and ready to fund on the various dates CMA set for funding and, not having funded, where those funds are physically, today; 3) written evidence demonstrating where Global's $315,000 advance to pay taxes was actually sent, together with the actual tax payment receipts; and 4) documentation defining all the parties involved in the audit process itself and the reasons for its duration and timing for its completion. All monies which Global advanced were done so at the direction of it fiduciary and broker, CMA, which was operated, solely by Gonzales. Monies which Global sent to CMA were to be held in trust, by CMA and only used to advance the underlying SBLC transaction.

13.     CMA has repeatedly claimed that it is moving forward with the transaction, only to obtain Global's reluctant agreement to modify the agreement, allowing CMA more time. In fact, CMA has represented to Global in writing, as late as December 2015, that the $25 million is available and ready for funding in US dollars. When asked why the funds have not been made available to Global, CMA fails and refuses to provide a plausible answer.

14.     More troubling is CMA's refusal to bring transparency to the transaction. Global needs to move this transaction forward. It is out more than $715,000 and has lost an, as yet an undetermined loss, as a result of its being denied the $25 million.

## FIRST CLAIM FOR RELIEF

**Determination that Debtors' Debts are Non-Dischargeable under 11 U.S.C. §523(a)(2)(A)**

15.     Plaintiffs reallege and incorporate herein by this reference the allegations contained in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16.     Debtor obtained Global's money, property, services, or an extension, and renewals, to the by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition

17.     The debt from Debtors to Plaintiffs, pursuant to the real estate transaction, is nondischargeable, pursuant to 11 U.S.C. §523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

**Determination that Debtor's Debts are Non-Dischargeable under 11 U.S.C. §523(a)(2)(B)**

18.     Plaintiffs reallege and incorporate herein by this reference the allegations contained in

COMPLAINT TO DETERMINE DISCHARGEABILITY, ETC.

1   paragraphs 1 through 14, inclusive, as though fully set forth herein.

2   19.   Debtor obtained Global's money, property, services, or an extension, and renewals, to the

3   by use of a statement in writing that was (I) that is materially false (the Exhibit 1 contract and

4   notices, regarding the issuance of the SBLC and need for payments); (ii) respecting the debtor's or

5   an insider's financial condition (i.e. that CMA was financially capable of handling the transaction);

6   (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit

7   reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.

8   20.   The debt from Debtors to Plaintiffs, pursuant to the real estate transaction, is

9   nondischargeable, pursuant to 11 U.S.C. §523(a)(2)(B).

10             **THIRD CLAIM FOR RELIEF**

11   **Determination that Debtors' Debts are Non-Dischargeable under 11 U.S.C. §523(a)(4)**

12   21.   Plaintiff realleges and incorporates herein by this reference the allegations contained in

13   paragraphs 1 through 20, inclusive, as though full set forth herein.

14   22.   The conduct of Defendants CMA and Gonzales, as herein alleged, constitutes fraud or

15   defalcation while acting in a fiduciary capacity.

16   23.   The debt from Debtor to Plaintiffs, pursuant to the above-described transactions, is

17   nondischargeable, pursuant to 11 U.S.C. §523(a)(4).

18             **THIRD CLAIM FOR RELIEF**

19   **Determination that Debtors' Debts are Non-Dischargeable under 11 U.S.C. §523(a)(4)**

20   24.   Plaintiff realleges and incorporates herein by this reference the allegations contained in

21   paragraphs 1 through 23, inclusive, as though full set forth herein.

22   25.   The conduct of Defendants CMA and Gonzales, as herein alleged, constitutes the willful and

23   malicious injury by the debtor to another entity or to the property of another entity.

24   26.   The debt from Debtor to Plaintiffs, pursuant to the above-described transactions, is

25   nondischargeable, pursuant to 11 U.S.C. §523(a)(6).

26             **FOURTH CLAIM FOR RELIEF**

27             **Breach of Contract against all defendants**

28   27.   Global incorporates paragraphs 1 through 26.

28. CMA's failure to perform, under its written agreement with Global constitutes a breach of the agreement.

29. As a result of CMA's breach, Global has suffer losses is the expected proceeds of the transaction, in an amount according to proof, but not less than Twenty-Five Million Dollars ($25,000,000), the loss of its use for at least two years, interest the loss of profits and proceeds from its use, Global's out-of-pocket expenses for the transaction, and the costs and attorney fees, associated with the current matter..

30. Global has performed all duties under the written agreement, except those which were excused by CMA's breach.

## FIFTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty against all defendants.

31. Global incorporates paragraphs 1 through 30.

32. At all time relevant, CMA was the broker and fiduciary for Global.

33. By failing and refusing to perform its duties, under the written agreement with Global, CMA breached its fiduciary duty to Global. Such a breach proximately caused damages to Global, in an amount of at least Twenty-Five Millions Dollars ($25,000,000), the loss of its use for at least two years, interest the loss of profits and proceeds from its use, Global's out-of-pocket expenses for the transaction, and the costs and attorney fees, associated with the current matter.

34. This breach of fiduciary duty was willful, malicious and was done with reckless disregard for the rights of Global and others. Accordingly, punitive damages are warranted and requested.

## SIXTH CLAIM FOR RELIEF

### Specific Performance against all defendants

35. Global incorporates paragraphs 1 through 21.

36. At all times relevant, Global was ready, willing and able to perform all of its duties, under the written agreement with CMA.

37. The written agreement constitutes a specifically enforceable contract that is definite in its terms. The written agreement is supported by adequate and mutual consideration in that the terms are fair and reasonable, and are just and sufficiently clear to enable specific performance. The

1  written agreement is fair and reasonable in all respects.

2  38.    Global has offered, and continues to offer to perform all the remaining duties to be performed

3  and is ready, willing and able to do so.

4  39.    Defendants have failed and refused to perform the duties which are required of Defendants to

5  complete the transaction, described in the written agreement between Global and CMA.

6  40.    Global has no plain, adequate and speedy remedy at law as money damages are not a substitute

7  for the completion of the contemplated transaction between Global and CMA and could not

8  adequately compensate Global for the loss of the unique standby letter of credit, which was to be

9  issued, in the transaction.

10  **FOURTH CLAIM FOR RELIEF**

11  **Embezzlement/Constructive Fraud against all defendants**

12  41.    Global incorporates paragraphs 1 through 40.

13  42.    Global is informed and believes that Defendants intentionally made false representations to

14  Global, upon which Global relied, and induced Global to provide Defendants with $715,000, as

15  herein alleged.

16  43.    Global is informed and believes and thereon alleges that Defendants have misappropriated

17  this money, for their own use and benefit, without the knowledge or consent of Global.

18  44.    Global is informed and believes and thereon alleges that Defendants have used the funds to

19  have issued the standby letter of credit, which, rightfully, should have been issued to Global, with

20  funds released to Global. Instead, Defendants benefitted and profited from the use of Global's money.

21  Accordingly, the $715,000 and all profits and proceeds therefrom, are being held in trust by

22  Defendants.

23  45.    Global seeks a judicial determination that a constructive trust exists, under which Defendants

24  are holding money, profits and proceeds which belong to Global, and Defendants must turn over

25  these items to Global, forthwith.

26  WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

27  1.    For a determination that the debt owed to Plaintiffs by defendant resulted from a debt that

28  was obtained by false pretenses, a false representation, or actual fraud, other than a statement

COMPLAINT TO DETERMINE DISCHARGEABILITY, ETC.

1  respecting the debtor's financial condition and is therefore nondischargeable, pursuant to 11 U.S.C.

2  §523(a)(2)(A);

3  2.    For a determination that Debtor obtained Global's  money, property, services, or an

4  extension, and renewals, to the by use of a statement in writing that was (I) that is materially false

5  ; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom

6  the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the

7  debtor caused to be made or published with intent to deceive.

8  3.    For a determination that the debt owed to Plaintiffs by defendant resulted from fraud or

9  defalcation while acting in a fiduciary capacity and is therefore nondischargeable, pursuant to 11

10  U.S.C. §523(a)(4);

11  3.    For a determination that the conduct of Defendants CMA and Gonzales, as herein alleged,

12  constitutes the willful and malicious injury by the debtor to another entity or to the property of

13  another entity, pursuant to 11 U.S.C. §523(a)(6);

14  4    For an order that the defendants must pay the full amount of the Plaintiff's claim, which is

15  not less than $25,000,000, as of the date this action is commenced, together with interest thereon at

16  the legal rate and punitive and exemplary damages;

17  5.    For expectancy damages, in an amount according to proof, but not less than $25,000,000;

18  6.    For specific performance of the written contract between CMA and Global;

19  7.    For a judicial determination that a constructive trust exists, under which Defendants are

20  holding money, profits and proceeds which belong to Global, and Defendants must turn over these

21  items to Global, forthwith.

22  8.    For punitive damages;

23  9.    For costs of suit and reasonable attorney's fees; and

24  8.    For such further and additional relief as the Court deems just and proper.

25  Dated: January 3, 2018            LAW OFFICES OF MARK E. SALTZMAN

26

27              By: _____

28                  MARK E. SALTZMAN, Attorneys for
                    Plaintiff Global Capital Development, LLC

8

COMPLAINT TO DETERMINE DISCHARGEABILITY, ETC.

EXHIBIT 1

# CAPITAL MARKETING ADVISORS, LLC.

## MEMORANDUM OF AGREEMENT ("MOA")

## TRANSACTION CODE: ELPE 159

This MEMORANDUM OF AGREEMENT is initiated this 19th day of August 2014, by and between the PARTIES stated below, and is entered and becomes enforceable upon performance of the terms of acceptance set forth below:

Global Capital Development LLC., and its Managing Member, Empire Financial Inc., (hereinafter, referred as "Global") by and through Richard B. Konecky, President, holding passport number 490708511, issued by the United States of America, located at 801 North Park Center Drive, Suite 220, Santa Ana, California, USA, 92705, hereinafter referred to as the "PARTY A"; and,

Capital Market Advisors LLC., represented by its Managing Member, Mr. Ernest Gonzales, holder of USA Passport Number 47315381 with legal address at135 South State College Blvd., Suite 200, Brea, California 92821; Email: ernie.cma@gmail.com hereinafter referred to as the "PARTY B":

WHEREAS, PARTY A, will share in a Joint Venture - Profit Participation (JVPP) with Prakas Enterprise Ltd., the Provider of the Monetizer, for monetization of a Standby Letter of Credit (SBLC) or Bank Guarantee (BG) as further described below. PARTY B agrees to obtain the instrument on behalf of the JVPP from the Provider and monetize the instrument, thereby becoming the "Providing Monetizer." It is understood that a portion of the proceeds from this profit participation provided to PARTY A, is to be used for project funding.

## DESCRIPTION OF INSTRUMENT

| | |
|---|---|
| Instrument | : SBLC/BG Cash-Backed |
| Term | : 1 YEAR AND 1 MONTH |
| Issuing Banks | : HSBC LONDON; BARCLAYS BANK; CREDIT SUISSE; and/or ASSIGNS. |
| Age | : Fresh Cut |
| Currency | : European Union Currency (EURO) Contract |
| Amount | : USD 100M (USD $100,000,000.00) or More. |
| Lease Rate | : 8% OF FACE VALUE |
| Coupon Rate | : ZERO COUPONS |
| Commission | : Two Percent (2%) of Face Value |
| Subsequent Tranches | : To be mutually agreed upon |
| Mode of Payment | : Wire Transfer |

1

Upon monetization of the Provider Instrument, PARTY B shall cause Twenty-Five Million ($25,000,000 USD) to be distributed from the monetizing bank to the Paymaster Trust Account (Marc Bourget, Esq. Trustee) and Party B shall further instruct Paymaster that said funds shall be transferred to the Project Accommodation Escrow Account of PARTY A (i.e. Beach Pacific Escrow as identified in Exhibit "A"). It is understood that this process may take as much as 30 banking days, but in any event the Monetizer, Paymaster and Accommodation Escrow Agent all agree that funds under their control shall be distributed in no more than three banking days after the funds are released, and available, from Paymaster's bank.

## DESCRIPTION OF THE TRANSACTION (PROCEDURES)

1. The Parties will sign and exchange two copies of this Agreement. One original will be held by each party.

2. PARTY A will review, sign and return this MOA on or before 2:00 PM PST, August 19, 2014. PARTY B will countersign and return MOA along with a copy of his passport to PARTY B. If not (sent/received by then) the offer from PARTY B to PARTY A will expire after August 19, 2014, 2:00 PM PST - after which time the offer and any ability for Party A to enter into this agreement will be revoked by PARTY B.

3. After receipt of the countersigned MOA, PARTY A will wire the transaction fees of $200,000 USD to the Attorney Escrow Trust Escrow Account listed below in Attachment "B". This agreement shall be bound by the terms and conditions of that Escrow Agreement with Henry H. Liem, a copy of which is attached hereto and incorporated herein.

4. PARTY A must timely provide evidence of wiring receipt of funds (to Trust Account) via email to Party B.

**Projected Timelines After Receipt Of The $200K Transaction Fees:**

5. Within five banking days after receipt of PARTY A's funds by the above referenced escrow, PARTY B is to receive copy of the bank's invoice sent from the Provider's Bank to the Monetizer's Bank.

6. One to two banking days after receipt of the above will be allowed for Monetizer's Bank to respond to the delivery of the executed pre-advise confirming the Monetizer's readiness to receive the instrument into the Monetizer's account.

7. Two to three banking days after Monetizer's Bank's response will be allowed for the Instrument Provider's Bank to issue and deliver the instrument to the Monetizer's Bank.

8. After which issuance, two to three banking days will be allowed for the instrument to be received and posted to the Monetizer's account.

9. Within 21-30 banking days after receipt of the instrument, PARTY B will forward the defined profit proceeds of Twenty Five Million Dollars USD ($25,000,000.) to PARTY A.

2

10.     This Agreement is a full-recourse commercial agreement between PARTY A and PARTY B and subject to interpretation under the laws of California in the United States. Party B represents that the invoice issued by the Instrument Provider includes the Instrument Provider's non-performance guarantee. In the event the Instrument is not funded, Party B represents that the Instrument Provider is contractually bound by the invoice terms to pay the Monetizer non-performance compensation. In the event of non-performance, Party B promises to pay Party A, first, from the funds tendered in satisfaction of the non-performance guarantee, an amount sufficient to fully reimburse Party A, to wit, the original transaction fee of Two Hundred Thousand ($200,000.00) plus ten (10%) percent, for a total of Two-Hundred Twenty Thousand ($220,000.00). Party B agrees to give notice of Issuing Bank's non-performance within three (3) business days of receipt of Issuing Bank's notice that it will not issue. If no such notice is received from Issuing Bank, notice will be deemed to have been delivered upon the 60th day after execution of this agreement. Upon receipt and availability of the nonperformance compensation, PARTY B agrees that (110%) of Party A, Global's, original contribution to this JVPP will be reimbursed within three (3) business days to PARTY A.

11.     Any unsolved disputes arising from or in connection with this Agreement shall be referred to arbitration by a single arbitrator appointed by agreement between PARTY A and PARTY B, or if unable to reach agreement as to the arbitrator, by a neutral, alternate dispute resolution organization, for example, J.A.M.S. Any arbitration shall be binding upon both parties.

12.     Both PARTIES agree that one party, or the other, may or will employ confidential information in carrying out its actions and duties under this agreement. The PARTIES specifically agree that such confidential information remains the exclusive, confidential property of that party. The PARTIES additionally guarantee the respective exclusivity of the negotiations and transactions covered by this Agreement through its completion. All aspects of Non-Disclosure/Non-Circumvention Regulations, (ND/NC) as stated in the latest I.C.C. Edition and/or Amendments thereto, will apply to the use or exchange of all documents and information related to the activities conducted under this MEMORANDUM OF AGREEMENT for a period of five (5) years from the date of this document. During the term of this Agreement, the parties hereby agree to keep completely confidential the names of any corporations, organizations, individuals or group of individuals, banks, lenders, etc. introduced by any of the named signatories or their signatories. Such information is considered the property of the introducing signatory/signatories.

13.     This Agreement expresses the entire agreement and understanding between the parties. Any Arbitration of dispute or action in law or equity arising under this Agreement shall have venue in, and be construed under, the laws of California in the United States. This agreement shall not be modified, altered, supplemented or terminated - except in writing signed by all of the parties to this agreement.

14.     Both PARTIES agree that this agreement is considered executed with/upon the wet signature of both PARTIES. The PARTIES agree that an executed fax copy and/or photocopy of this Agreement shall have the same force and effect as a signed original, and shall be considered the equivalent to a signed original document until a duplicate, wet signature, original is in the possession of each party.

3

**BANK ACCOUNT COORDINATES FOR THE RECEIPT OF FUNDING PROCEEDS:**

| | |
|---|---|
| Paymaster Name | Marc J. Bourget, Esq. |
| Beneficiary Name | **Global Capital Development, LLC & Prakas, Ltd.** |
| Bank Name | **J.P. Morgan Chase** |
| Bank Address | 2866 West March Lane, Ste. A, Stockton, California 95219 |
| Bank Officer | Mr. Troy Crooker, Manager |
| Bank Number | 209-957-5656 |
| Bank Fax | 855-347-0046 |
| Account Name | Marc J. Bourget, Esq.  (IOLTA) |
| Account No. | 572039811 |
| Routing Number | |
| Swift Code | |
| IBAN | |
| Additional Paymaster Information | Office Address: 4512 Feather River Dr., Ste.A, Stockton, CA. Passport (USA): 423345879; Iss'd: 01 Jun '07; Exp. 01 Jun '17 |
| Special Instructions | **All Wire transfers shall incorporate below Text Message and a copy of Bank Wire Transfer slip shall be emailed to:, or legal verification and documentation pursuant to Patriot Act/Banking regulations with One Original Contract copy to be filed with Bank.** |
| Required Instructions | **Text Message: The S.W.I.F.T. or Clear Stream text message covering all remittances shall clearly state the** **following: "CLEAN, CLEARED, LIEN FREE AND** UNENCUMBERED FUNDS, EARNED FROM FINANCIAL CONSULTING FEES ON COMMERCIAL ENTERPRISES OF NON-CRIMINAL AND NON-TERRORIST ORIGINS, KNOWN BY BUYER or MONETIZERS CODE:   "XXXX-XXXX-XXXX", FOR SAME DAY SETTLEMENT. |

4

By signing this Memorandum of Understanding, I/We, hereby acknowledge and confirm that neither this Service Provider/Collateral Provider nor their associates, nor any person on their behalf solicited me in any way whatsoever that can be construed to be a solicitation herein.

This MEMORANDUM OF AGREEMENT is hereby Acknowledged and Accepted on August 19, 2014:

## Signed By PARTY A.

Global Capital Development LLC., by EmpireFinancial, Managing Member

By: _____

Richard B. Konecky, President

## NOTARY

On this 19 day of August, 2014, Richard B Konecky personally appeared before me and has proven to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this document, and acknowledged to me that in his capacity, and also of his own free will, executed this document by affixing his signature on it in my presence.

WITNESS my hand and official seal this 19 day of August, 2014

NOTARY PUBLIC

(Signature and Stamp)

PATRICK C. RAY
Commission # 1982973
Notary Public - California
Orange County
My Comm. Expires Jun 23, 2016

5

**Signed By PARTY B.  Monetizer**

Date: August 19, 2014

**Capital Marketing Advisors LLC.**

By: _____   MANAGING MEMBER, CAPITAL MARKETING ADVISORS, LLC
     Earnie Gonzales, Managing Member

**NOTARY**

On this __19__ day of __August__, 2014, Earnie Gonzales, Managing Member  personally appeared before me and has proven to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this document, and acknowledged to me that in his capacity, and also of his own free will, executed this document by affixing his signature on it in my presence.

**WITNESS** my hand and official seal this __19__ day of __August__, 2014

**NOTARY PUBLIC**

(Signature and Stamp)

> SRPOUI HOLLY DUDAKLYAN
> Commission # 2010474
> Notary Public - California
> Los Angeles County
> My Comm. Expires Mar 6, 2017

6

## Exhibit "A"

**CLIENT / PROJECT DEVELOPER / GLOBAL CAPITAL DEVELOPMENT LLC.**

## OUT GOING WIRE INSTRUCTIONS:

ALL AND ANY PROCEEDS FOR THE CLIENT AND / OR PROJECT DEVELOPER, **GLOBAL CAPITAL DEVELOPMENT LLC.**, WILL BE WIRED BY THE JOINT VENTURE PAYMASTER TO THE FOLLOWING ESCROW FOR THE CLIENT / PROJECT DEVELOPER – GLOBAL CAPITAL DEVELOPMENT LLC:

### *Beach Pacific Escrow Inc.*

*7372 Prince Drive, Suite 101, Huntington Beach, CA  92647-4573*
*Phone: (714) 842-4594 Ext. 1#; Fax (714) 842-9934; e-mail - pj@escrow.net*

# INCOMING WIRES

| | |
|---|---|
| **Bank Name:** | INDEPENDENCE BANK<br>4525 MACARTHUR BLVD<br>NEWPORT BEACH, CA 92660 |
| **Routing Number:** | 122 287 426 |
| **Account Name:** | Beach Pacific Escrow, Inc.<br>(Personal Property Trust Account) |
| **Account Number:** | 040 000 135 |
| **Escrow Number:** | |

7

# Exhibit "B"

**OUTGOING WIRE INSTRUCTIONS.**

**THE TRANSACTION FEES FROM THE BENEFICIARY OF THE LEASED INSTRUMENT/ MONETIZATION, GLOBAL CAPITAL DEVELOPMENT LLC., WILL BE WIRED TO:**

| | |
|---|---|
| **Escrow Agent** | **Henry H Liem** |
| **Bank Name** | **Bank of America** |
| **Bank Address** | **777 North First Street, San Jose, California, 95112 USA** |
| **Account Number** | **16645-10689** |
| **ABA (Routing)** | **026009593** |
| **SWIFT Code** | **BOFAUS3N** |
| **Account Name** | **Henry H. Liem Attorney At Law Attorney / Client Trust Account** |
| **Contact Person** | **Ana Salazado** |

8

Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address
Mark E. Saltzman SBN155612
LAW OFFICES OF MARK E. SALTZMAN
21241 Ventura Blvd., Suite 160
Woodland Hills, CA 91364-2120
818-343-0600  Fax: 818-343-0684
BankruptcyCounsel@yahoo.com

*Attorney for Plaintiff*

FOR COURT USE ONLY

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re:

CAPITAL MARKETING ADVISORS, LLC.

Debtor(s).

CASE NO.: 2:17-bk-24174-RK

CHAPTER: 7

ADVERSARY NO.:

GLOBAL CAPITAL DEVELOPMENT, LLC, a California
limited liability company,

Plaintiff(s)

Versus

CAPITAL MARKETING ADVISORS, LLC, a California
limited liability company, ERNEST R. GONZALES, an
individual, and DOES 1 to 50 inclusive,

Defendant(s)

### SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING
### [LBR 7004-1]

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the
Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of
your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a
written response is _____. If you do not timely file and serve the response, the court may enter a judgment by
default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | Address: |
| Time: _____ | 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: _____ | 3420 Twelfth Street, Riverside, CA 92501 |
| | 411 West Fourth Street, Santa Ana, CA 92701 |
| | 1415 State Street, Santa Barbara, CA 93101 |
| | 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

.

.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                     *Printed Name*                           *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Mark E. Saltzman SBN155612<br>LAW OFFICES OF MARK E. SALTZMAN<br>21241 Ventura Blvd., Suite 160<br>Woodland Hills, CA 91364-2120<br>818-343-0600  Fax: 818-343-0684<br>BankruptcyCounsel@yahoo.com<br><br><br>*Attorney for Plaintiff* | |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION ☑

| In re:<br><br>CAPITAL MARKETING ADVISORS, LLC.<br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-24174-RK<br>CHAPTER: 7 ☑<br>ADVERSARY NO.: |
|---|---|
| GLOBAL CAPITAL DEVELOPMENT, LLC, a California limited liability company,<br><br><br>Plaintiff(s)<br><br>Versus<br><br>CAPITAL MARKETING ADVISORS, LLC, a California limited liability company, ERNEST R. GONZALES, an individual, and DOES 1 to 50 inclusive,<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____ <br>**Time:** _____ <br>**Courtroom:** _____ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
Date                                      Printed Name                                          Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>GLOBAL CAPITAL DEVELOPMENT, LLC | DEFENDANTS<br>CAPITAL MARKETING ADVISORS, LLC;<br>ERNEST R. GONZALES |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Mark E. Saltzman<br>LAW OFFICES OF MARK E. SALTZMAN<br>21241 Ventura Blvd, Suite 160, Woodland Hills CA 91364<br>818-343-0600 | ATTORNEYS (If Known)<br>Robert J. Spitz<br>204 N. San Antonio Ave.<br>Ontario, CA 91762  Tel: 909-395-0909 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Non-Discharge per 11 USC §§523(a)(2)(A), 523(a)(2)(B); 523(a)(4); 523(a)(6); Br of Contract; Br of Fid Duty; Spec.Perf; Fraud

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $  not less than $25,000,000 |

Other Relief Sought
    Specific Performance

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CAPITAL MARKETING ADVISORS, LLC. | BANKRUPTCY CASE NO.<br>2:17-bk-24174-RK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>R. Kwan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>1-3-2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>MARK E. SALTZMAN | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.